# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11295
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 30, 2017
Lyle W. Cayce
Clerk

LOU TYLER,

                      Plaintiff−Appellant,

versus

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK,

                      Defendants−Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CV-1836

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Lou Tyler moves for leave to proceed *in forma pauperis* ("IFP") in her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal of the dismissal of her civil action against Ocwen Loan Servicing, L.L.C., and Deutsche Bank. Tyler's motion is a challenge to the district court's determination that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Tyler reasserts her claims that foreclosure on her property would be improper because the defendants are barred from enforcing their interest by the statute of limitations and that they have engaged in a variety of wrongdoings, including harassment, unfair and misleading representations, deceptive practices, illegal attempts to foreclose, non-validation of debt, and deliberate mishandling of her mortgage and financial documents. By merely reasserting her claims, Tyler fails to address the district court's certification that her appeal was not taken in good faith and the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. In particular, she does not factually or legally challenge the district court's determination that Tyler's civil action is barred by res judicata.

*Pro se* briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error by the district court, it is the same as though the appellant had not appealed that issue. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Tyler has failed to challenge the certification that her appeal is not taken in good faith and the reasons for such a certification, she has abandoned the issues in the appeal. *Id.*

The appeal lacks arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Tyler's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.